**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

KAYJHOONA D THOMAS                    CASE NO.  6:25-CV-01918

VERSUS                               JUDGE ROBERT R. SUMMERHAYS

WEST PARK APARTMENTS ET AL           MAGISTRATE JUDGE CAROL B. WHITEHURST

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Process and Service of Process. (Rec. Doc. 5). Plaintiff, proceeding *pro se*, did not file an opposition. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the Court's standing orders.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this suit against West Lafayette Apartments, LP (improperly named as "West Park Apartments"), and alleged managers, Deborah Anderson and Tonja Journee, seeking damages for an alleged failure to turn over documents and payments. (Rec. Doc. 1). Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for insufficient service of process.

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28

U.S.C. §1332. Although Plaintiff seeks in excess of $75,000, Defendants presented evidence that the parties are not diverse. Plaintiff is a citizen of Louisiana. (Rec. Doc. 1, p. 1). Tonja Journee is also a citizen of Louisiana. (Rec. Doc. 5-4). Accordingly, the Court lacks subject matter jurisdiction under §1332. Having found jurisdiction lacking, the Court declines to address Defendants' motion regarding sufficiency of service. Thus, the Court recommends that Defendants' Motion to Dismiss (Rec. Doc. 5) be GRANTED and that Plaintiff's suit be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5ᵗʰ Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11ᵗʰ day of May, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE